ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 13, 2003

The Honorable Kevin Bailey
Chair, Committee on General Investigating
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0038

Re: Authority of the Texas Education Agency to make a coordinated health program available to elementary schools (RQ-0606-JC)

Dear Representative Bailey:

Your predecessor in office asked whether Education Code section 38.013, which requires the Texas Education Agency ("TEA" or "the Agency") to make "a coordinated health program" for elementary students available to each school district in Texas, authorizes TEA to choose only a single coordinated health program for all school districts in Texas.[1]

Section 38.013 provides as follows:

> (a) The [Texas Education] agency[2] shall make available to each school district a coordinated health program designed to prevent obesity, cardiovascular disease, and Type II diabetes in elementary school students. The program must provide for coordinating:
>
> (1) health education;
>
> (2) physical education and physical activity;
>
> (3) nutrition services; and
>
> (4) parental involvement.

---

[1]Letter from the Honorable Pete P. Gallego, Chair, House Committee on General Investigation, to Honorable John Cornyn, Texas Attorney General, at 1 (Sept. 12, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]See TEX. EDUC. CODE ANN. § 5.001(1) (Vernon Supp. 2003).

TEX. EDUC. CODE ANN. § 38.013(a) (Vernon Supp. 2003) (footnote added). TEA "shall notify each school district of the availability of the program." *Id.* § 38.013(b). Section 38.014 requires each school district to implement section 38.013, providing that "[e]ach school district shall:

> (1) participate in appropriate training for the implementation of the program approved by the agency under Section 38.013; and
>
> (2) implement the program in each elementary school in the district.

*Id.* § 38.014(a). The Agency, in cooperation with the Texas Department of Health, "shall adopt a schedule for regional education service centers to provide necessary training under this section." *Id.* § 38.014(b); *see id.* § 8.002 ("Regional education service centers shall" provide certain assistance to school districts and "implement initiatives assigned by the legislature.").

Initially, TEA announced that pursuant to section 38.013(a) it would adopt the diabetes education program that the State Board of Education ("the Board") had approved under Education Code section 28.002(k) for school districts to use in their health curriculum.[3] *See id.* §§ 28.002(a)(2)(B) (including health as part of enrichment curriculum); 28.002(k) (State Board of Education, in consultation with the Texas Department of Health and the Texas Diabetes Council, shall develop a diabetes education program "that a school district may use in the health curriculum."). The Board had approved the Child and Adolescent Trial for Cardiovascular Health (CATCH)[4] materials developed by the National Heart, Lung, and Blood Institute of the federal National Institute of Health. *See* Minutes, State Board of Education, Jan. 8, 1999, item 6, attachment 5, *available at* http://www.tea.state.tx.us/sboe/minutes/archives/sboe/1999/99018min.html; http://www.tea.state.tx.us/sboe/schedule/9901/diabetes.html (last visited Jan. 24, 2003); *see also* CATCH Classroom Curriculum, *available at* http://www.sph.uth.tmc.edu/chppr/catch/curriculum.html (last visited Jan. 27, 2003).

After TEA's announcement, a number of school districts asked TEA to allow them to continue other programs that they had implemented in their schools. *See* TEA Brief, *supra* note 3, at 1. Upon reviewing the legislation, TEA concluded that more than one program could be approved and adopted procedures for placing programs on an approved list. *See id.* The Agency placed a notice in the Texas Register stating that coordinated health programs could be submitted for review, describing their requirements, and describing the evaluation process. *See* 27 Tex. Reg. 10469-70 (2002) (Request for Information Concerning Coordinated Health Programs) (Tex. Educ. Agency); *see also* Evaluation Process for Coordinated School Health Programs, *available at* http://www.tea.state.tx.us/curriculum/hpe.html (last visited Feb. 6, 2003).

---

[3]Brief from David A. Anderson, General Counsel, Texas Education Agency, to Honorable John Cornyn, Texas Attorney General, at 1 (Oct. 25, 2002) (on file with Opinion Committee) [hereinafter TEA Brief].

[4]The CATCH program is now known as the Coordinated Approach to Child Health program. *See* Letter from Honorable Jane Nelson, Senate Committee on Education, to Susan Gusky, Chair, Opinion Committee, Office of the Attorney General, at 1 (Oct. 18, 2002) (on file with Opinion Committee).

Your predecessor suggested that the phrase "a coordinated health program" in section 38.013 requires a single coordinated health program to be used in all school districts. *See* Request Letter, *supra* note 1, at 1. Throughout Education Code sections 38.013 and 38.014, the term "program" is used in the singular. TEA's brief cites the rule of statutory construction providing that "the singular includes the plural and the plural includes the singular." TEX. GOV'T CODE ANN. § 311.012(a) (Vernon 1998); *see* TEA Brief, *supra* note 3, at 2.

We note that TEA and other persons interested in the coordinated health program use the term "program" to refer to educational materials and activities used to implement the health curriculum that Education Code section 38.013 requires. *See* 27 Tex. Reg. 10469-70 (2002) (Request for Information Concerning Coordinated Health Programs) (Tex. Educ. Agency). The emphasis on whether or not the singular includes the plural reflects the confusion generated by using the statutory term "a coordinated health program" to refer to educational materials that implement the program. A question more relevant to TEA's authority under sections 38.013 and 38.014 is what the legislature intended by the phrase "a coordinated health program." To determine what the legislature intended by this phrase, we will consider it in the context of the statute as a whole. *See Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 706 (Tex. 2002).

Section 38.013 outlines a plan for coordinating health education, physical education, nutrition services, and parental involvement for the purpose of preventing specific diseases in elementary school children, thereby setting the standards for educational materials that might be used to implement the program in Texas elementary schools. *See* TEX. EDUC. CODE ANN. § 38.013 (Vernon Supp. 2003). The statute does not state that TEA must make available to each school district identical teacher guides, student workbooks, videos, posters, and other educational materials, nor does it state that only one provider may supply educational materials that implement the coordinated health program. *See id.* When the legislature has wished to designate a single provider for goods or services purchased with public funds, it has done so expressly. *See id.* § 44.031(j) (purchase of item available from sole source); Tex. Att'y Gen. Op. No. JM-167 (1984) at 2 (discussing appropriations act provision requiring Texas Lions League or similar organization to provide rehabilitation services to blind adults at the Texas Lions Camp at Kerrville or similar location near Austin). The legislature has not done so in section 38.013 of the Education Code.

Section 38.013 establishes the standards for a coordinated health program in Texas elementary schools and grants TEA the authority to determine how it will be made available to school districts. *See* TEX. EDUC. CODE ANN. § 38.013 (Vernon Supp. 2003). The courts will generally defer to a reasonable construction of a statute by the administrative agency charged with its enforcement. *See Osterberg v. Peca,* 12 S.W.3d 31, 51 (Tex. 2000). TEA has reasonably chosen to request submissions from the public and to evaluate submitted materials for compliance with the requirements set out in section 38.013. *See* 27 Tex. Reg. 10469-70 (2002) (Request for Information Concerning Coordinated Health Programs) (Tex. Educ. Agency). Under sections 38.013 and 38.014, TEA may make a coordinated health program available to each school district by reviewing educational materials prepared by outside providers, determining which sets of educational materials comply with the standards set out in section 38.013, and notifying the school districts that they may use any of the approved sets of materials to implement the coordinated health program in each

elementary school in the district. *See* TEX. EDUC. CODE ANN. § 38.014(a) (Vernon Supp. 2003). In summary, while section 38.013 establishes the general standards for one coordinated health program, TEA may make the program available to school districts in the form of one or more sets of educational materials that implement the statutory requirements.

## S U M M A R Y

Pursuant to section 38.013 of the Education Code, the Texas Education Agency may provide "a coordinated health program designed to prevent obesity, cardiovascular disease, and Type II diabetes in elementary school students" to school districts by approving one or more sets of educational materials prepared by outside providers that fulfill the requirements of the coordinated health program described in the statute. TEX. EDUC. CODE ANN. § 38.013 (Vernon Supp. 2003); *see* TEX. GOV'T CODE ANN. § 311.012(a) (Vernon 1998).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee